## IMPROPER JOINDER OF PARTIES IN ACTION BY AN INJURED EMPLOYEE.

Common Pleas Court of Hamilton County.

CLARENCE McCORMICK V. THE HIPPODROME AMUSEMENT CO. ET AL.

Decided, January Term, 1919.

*Negligence—Misjoinder of Parties Defendant—Master and Servant— —Action by Employee for Injuries.*

A joint action by an injured employee does not lie against the two corporation owning the property on which the accident occurred, the president of one of these companies and the contractor who was doing the work.

Heard on demurrers to petition.

*Galvin & Galvin* and *Pogue, Hoffheimer & Pogue,* for several demurrers.

*L. J. Crawford,* of Newport, Kentucky, and *J. W. O'Hara,* contra.

GEOGHEGAN, J.

This is an action for negligence, in which the plaintiff has joined as defendants the Hippodrome Amusement Company, the Ante-Frankel Amusement Company, Isaac Frankel and Edward A. Curry. The negligence alleged is that Curry failed to properly secure the framework of a certain window in a theater that had been constructed and was owned by the defend-

ant corporations, and that the defendant, Frankel, who was president of the companies, directed the plaintiff to do certain work in and about covering this window opening, and that in doing the said work he took hold of the frame work to support himself and it gave way.

There is no charge that the defendant, Frankel, nor anyone else connected with the amusement companies knew anything about the condition of the window frame and if there is any negligence set forth in the petition it can only be the negligence of Curry in improperly doing the work of putting in the window frame.

Separate demurrers were filed by each of the defendants on two grounds, the first being that there is a misjoinder of parties defendant, and, second, that the petition does not state facts sufficient in law to constitute a cause of action against the defendants.

It appears upon the face of the petition that there is a misjoinder of parties defendant. The statement of what is contained in the petition must make it apparent that the doctrine laid down in *French, Admr.*, v. *Central Construction Company*, 76 Ohio St., 509; in *Clark* v. *Fry*, 8 Ohio St., 358; and in the recent decision of the Court of Appeals of this county in *Cordes, Admr.*, v. *Doepke et al*, is applicable here, and that therefore the demurrers should be sustained on the ground that there is a misjoinder of parties defendant.

Having taken this view, therefore, the court refrains from passing upon the questions raised by the second ground of the demurrers.